CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
SEP 2 2 2005
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GREGORY S. HINES, # 202605,<br>Plaintiff, | Civil Action No. 7:05-cv-00565 |
| v. | **MEMORANDUM OPINION** |
| WARDEN T. RAY, et al.,<br>Defendants. | By: Jackson L. Kiser<br>Senior United States District Judge |

Plaintiff Gregory S. Hines, # 202605, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, plaintiff alleges that while incarcerated at Red Onion State Prison ("ROSP") he was denied due process of law and forced to endure cruel and unusual punishment following a false charge and institutional disciplinary conviction. As relief, Hines seeks both injunctive relief and monetary damages.

After reviewing his complaint, I am of the opinion that Hines has failed to raise any claim of constitutional magnitude. Accordingly, I find that all his claims must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Additionally, plaintiff is advised that this dismissal constitutes a second "strike" under 28 U.S.C. 1915(g).[1]

### I. Claims and allegations

In his complaint, Hines alleges that on July 27, 2005 he was falsely charged with making a lewd or obscene gesture directed towards or in the presence of others. Specifically, Hines was charged with masturbating in the direction of two nurses who were dispensing medication to another

---

[1] On November 12, 2002, plaintiff's claims in Civil Action No. 7:02cv01129 were also dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim on which relief can be granted.

prisoner. Plaintiff avers that he was not properly served with the charge because he was not given an explanation as to the nature of the charge nor the rights an inmate is afforded when he receives an institutional charge. Additionally, he states the copy of the notice he was served with had been falsely marked that he refused to accept the notice and refused to respond as to if he as to whether he wanted an advisor at the institutional hearing, desired to call witnesses, or requested any documentary evidence. Plaintiff alleges that he complained to the Inmate Hearings Officer and the Operations Officer regarding these alleged failures in the notice process, but was advised that he could raise any issues claimed deficiencies at the institutional hearing.

An institutional hearing was held on August 2, 2005. At that time, plaintiff informed the institutional hearing board that he had not been properly served with notice of the charge nor given the opportunity to request an advisor, witnesses, or documentary evidence. However, the board found that evidence supported the correctional officer's contention that Hines had in fact been served and refused to respond to the charge. Additionally, the board held that the witnesses Hines intended to call would not provide relevant testimony, and thus declined to permit their testimony. Hines then presented his own testimony to the board to support his claim that this charge was falsely made in retaliation for another pending civil action against the reporting correctional officer. Specifically, Hines claimed that due to the location of his cell and the cell at which the nurses were dispensing medication it would have been impossible for the nurses to see Hines masturbating. However, the reporting correctional officer testified that he personally witnessed plaintiff masturbating in the direction of the nurses, thus the board found that whether or not the nurses saw Hines masturbating immaterial. Plaintiff was found guilty of obscene acts in the presence of others and was fined $10.00, but did not lose any good time credits.

Immediately following the charge, and prior to his institutional disciplinary hearing, plaintiff's cell window was covered with a flap of cardboard. Plaintiff does not state when the flap was removed, but Hines' admissions indicate the flap was only temporarily placed over his cell window. Furthermore, Hines states he was humiliated when the cardboard flap was placed over his cell window and because he was unable to see outside his cell while the flap was in place, he could not be sure defendants were not tampering with his food. Therefore, he was unable to eat any food substances which contained gravy or soup and he was unable to drink any of the served beverages.

## II.   Analysis

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). However, a complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

### A.   Due Process Claims

To the extent that Hines' claims that the false charge, the subsequent covering of his cell window, and alleged deficiencies in the disciplinary hearing process constitute a violation of the due process rights afforded under the Fourteenth Amendment, they must fail.

Although the Fourteenth Amendment does afford prisoners some due process rights, when a defendant is lawfully convicted and confined to jail, he loses a significant interest in his liberty for the period of the sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Such confinement is necessarily subject to the broad discretion of those parties managing the jail. Id. However, the confinement does not strip the inmate of all of his liberty interests. Id. "These interests will be generally limited to the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Changes "in a prisoners's location, variations of daily routing, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston, 946 F.2d at 343. Furthermore, such changes are necessarily functions of prison management that must be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. Id.

Hines fails to allege facts indicating that he has been deprived of any federally protected liberty interest without due process. Hines alleges that he was falsely charged for making lewd and/or obscene gestures towards or in the presence of another person. However he has presented no evidence other than his own statement that he did not in fact do the act of which he was convicted. Additionally, he presents no evidence to support his claim that the witnessing correctional officer fabricated those charges in retaliation for another pending civil action. However even assuming that the correctional officer made a false report resulting in this charge, such violations of state procedural law do not implicate federal due process rights and are not cognizable under §1983.

4

As to the cell window covering, Hines alleges the covering was placed on his cell the day he was charged and before the he was given any opportunity to present evidence establishing his innocence. However, I find that the covering was placed on Hines' window at the discretion of prison administration and served only to effectively segregate Hines from the remaining prison population without physically placing him in a separate segregation cell while his disciplinary charge was pending. As segregation is a normal and expected condition while incarcerated, Hines has not demonstrated that covering his cell window caused any deprivation of a constitutionally-protected liberty interest.

Hines' allegations regarding deficiencies during the institutional disciplinary process are also without merit. Hines specifically complains that he did not receive proper notice of the charge and was not allowed to present witness testimony which he believed would support his claim of innocence. However, prisoners are only afforded procedural due process protections, such as written advance notice of charges and the right to call witnesses, when the loss of statutory good time credits or some other liberty interest is at issue. Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Hines' sole punishment for this conviction was a $10.00 fine. Hines does not allege that he lost any earned good time, he merely complains that this conviction will impede his ability to earn good time credits. Neither the fine nor his future ability to earn good time credit amount to an atypical prison condition. Therefore, Hines was not entitled to any procedural safeguards during the institutional hearing; thus, he has failed to raise an issue of constitutional magnitude.

Accordingly, I find that as Hines has failed to allege any facts which demonstrate that he has been deprived due process of law, all such claims will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

5

Case 7:05-cv-00565-JLK-mfu   Document 4   Filed 09/22/05   Page 5 of 7   Pageid#: 73

### B. Cruel and Unusual Punishment

Hines' claims that covering his cell window and the subsequent mental stress he suffered constitute cruel and unusual punishment are without merit. While the Eighth Amendment protects prisoners from cruel and unusual punishment, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.". Rhodes v. Chapman, 452 U.S. 337, 347 (1981) As a result, in order to state a claim of constitutional significance regarding prison conditions, a plaintiff must demonstrate not only that the living conditions violated contemporary standards of decency, but also that prison officials acted with deliberate indifference to such conditions. Wilson v. Seiter, 501 U.S. 294 (1991). Moreover, plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). While having his cell window temporarily covered may be inconvenient and unfortunate, and may have caused Hines to worry that his food and beverages had been tampered with, Hines has not alleged anything to suggest that these conditions violate contemporary standards of decency. Nor has plaintiff demonstrated that because of missing some portions of his meals or the prepared beverage accompanying that meal, he sustained a serious or significant injury or is at risk of a future injury. Therefore, he has failed to state a constitutional claim under the Eighth Amendment. Accordingly, these claims will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## III. Conclusion

Based on the foregoing, I find that Hines has not presented any claims on which relief can be granted. Accordingly, I will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

**ENTER**: This 22nd day of September, 2005.

*/s/ Jackson L. Kiser*
Senior United States District Judge